UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION and U.S. BANK NATIONAL ASSOCIATION ND,<br><br>  Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>  Defendant. | Case No. 11-CV-1979 (PJS/JJK)<br><br>ORDER |

Richard M. Hagstrom, Michael R. Cashman, and Nicholas A. Dolejsi, ZELLE HOFMANN VOELBEL & MASON LLP, for plaintiffs.

Charles D. Price, BROUSE McDOWELL, for defendant.

This matter is before the Court on the objection of plaintiffs U.S. Bank National Association and U.S. Bank National Association ND (collectively "U.S. Bank") to the October 28, 2014 order of Magistrate Judge Jeffrey J. Keyes for a settlement conference. Plaintiffs object to the order to the extent that it requires the attendance of Richard Davis, U.S. Bank's chief executive officer ("CEO"), at the settlement conference.

A magistrate judge's ruling on nondispositive pretrial matters may be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Having reviewed the order and U.S. Bank's objection, the Court sees nothing clearly erroneous or contrary to law.

The Court does not take lightly this imposition on U.S. Bank and Davis. To the best of the Court's recollection, it has never before required a CEO of a large corporation to personally attend a settlement conference. Moreover, in the Court's experience, Judge Keyes has rarely

imposed such a requirement.  This, however, is far from an ordinary case.  Indeed, it is akin to 240 coverage actions rolled into one.  This case is also well into its fourth year and yet nowhere near completion.  Resolving this case on the merits will place an extraordinary burden on the Court's and the parties' resources, and it is therefore essential that every avenue for settlement be explored — even avenues that would not be explored in a less daunting case.

The Court shares Judge Keyes's apparent concern that, without the attendance of the parties' CEOs, this case is unlikely to settle.  The parties engaged in extended mediation without the presence of the CEOs and, as far as the Court is aware, made little progress toward settlement.  In addition, the complexity of this litigation calls for reasonable cooperation among the parties and careful discernment regarding which battles are worth fighting.  The Court has seen little evidence of such cooperation and discernment, however.  In particular, U.S. Bank has been an extraordinarily aggressive litigant, often pursuing claims, objections, arguments, and discovery that have little chance of success.  The involvement of U.S. Bank's CEO will bring a different perspective to the settlement process.

For these reasons, U.S. Bank's objection is overruled.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiffs' objection [ECF No. 294] is OVERRULED and the order for settlement conference [ECF No. 284] is AFFIRMED.

Dated: November 12, 2014         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge